IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BARBARA CARTER FOREST**                                                       **PLAINTIFF**

vs.                                                           **CIVIL ACTION NO. 3:13CV146-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration**           **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Barbara Carter Forest for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act.[1] Plaintiff protectively applied for disability on July 1, 2010, alleging disability beginning on June 12, 2009. Docket 9, p. 80, 137-44. Plaintiff's claim was denied initially on October 20, 2010, and upon reconsideration on November 18, 2010. *Id.* at 84-86, 88-91. She filed a request for hearing (*Id.* at 93) and was represented by counsel at the hearing held on February 23, 2012. *Id.* at 24-76. The Administrative Law Judge (ALJ) issued an unfavorable decision on April 27, 2012 (*Id.* at 9-23), and on April 2, 2013, the Appeals Council denied plaintiff's request for a review. *Id.* at 1-3. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the

---

[1] By separate motion, plaintiff has moved to amend or clarify the transcript. Docket 15. Plaintiff has not presented any evidence that any document has been omitted from the administrative record, and it does not appear that the ALJ relied upon any evidence that is missing from the record presented to the undersigned. Therefore, plaintiff's motion to amend or clarify transcript is DENIED.

proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on May 8, 1961 and has a twelfth grade education. Docket 9, p. 137, 167. She was 49 years old at the time of her application and fifty years old at the time of the hearing. Plaintiff's past relevant work was as an cashier, office worker, packager, and private sitter. *Id.* at 167. Plaintiff contends that she became disabled before her application for disability as a result of hypertension, carpal tunnel syndrome, and "no feeling in left hand." Docket 9, p. 166. The ALJ determined that plaintiff suffered from "severe" impairment[s] of "carpal tunnel syndrome status post-release, obesity and essential hypertension" (Docket 9, p. 15), but that the impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 4165.926). *Id.* at 16. Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work . . . except that the claimant's work activities must be consistent with the following criteria: ability to stand/walk 6 hours in an 8-hour workday; ability to sit 6 hours in an 8-hour workday; no more than occasional push/pull activities; and no more than frequent handling, fingering, or feeling.

Docket 9, p. 16. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in describing her claimed symptoms, limitations and subjective complaints – particularly concerning the intensity, persistence and

2

limiting effects of these symptoms. *Id.* at 20. The ALJ evaluated all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, and held that plaintiff could perform her previous jobs of a cashier, office worker and private sitter. *Id.* The ALJ further concluded that in addition to being able to perform her past jobs, there are other jobs existing in the national economy that plaintiff can perform. *Id.* at 21. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.* at 23.

Plaintiff claims that the ALJ erred by improperly evaluating plaintiff's credibility, failing to afford proper weight to the opinion of her treating physician and improperly applying the Medical Vocational Guidelines. Docket 16.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

3

disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court must scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A federal court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the

---

[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## III. DISCUSSION

### A. Did the ALJ afforded proper weight to the opinions of her treating physician?

Plaintiff claims the ALJ failed to perform the analysis required by *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) in weighing Dr. Patel's opinions, and that if the ALJ had re-contacted Dr. Patel to ask him to explain any inconsistencies, she would have assigned more weight to his opinion. Docket 16, p. 7-15. Plaintiff urges application of the Sixth Circuit's "good reasons" standard, which requires an ALJ to provide "good reasons . . . supported by the evidence in the case record, for the weight it decides to give to the treating source's opinion."

---

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

Docket 16, p. 12, citing *Hunt v. Commissioner of Social Security*, 500 Fed. Appx. 411, 418 (6th Cir. 2012). The court finds that the ALJ properly weighed Dr. Patel's opinion and was not required to afford his Medical Source Statement ("MSS") the most weight. It was unnecessary for the ALJ to re-contact Dr. Patel for additional information.

Dr. Patel's MSS limits plaintiff to lifting less than ten pounds frequently and occasionally, never climbing, balancing, stooping, crouching, or kneeling, limited reaching, handling, feeling, pushing and pulling, and no exposure to moving machinery, temperature extremes, chemicals, dust, fumes, humidity, or vibration. Docket 9, p. 257-59. Despite these severe limitations, nothing in Dr. Patel's records indicates that plaintiff's impairments are more severe than found by the ALJ. In fact, Dr. Patel's medical records never mention plaintiff's functional limitations, and only a few of his treatment notes even mention that plaintiff complained of pain in her arms or hands. Dr. Patel's records simply contain complaints and no documentation of any objective examination findings to support his limitations.

For instance, plaintiff saw Dr. Patel on February 17, 2009 complaining of "pain in the hands and stiffness in the wrist" for which a prescription of Motrin was written. Docket 9, p. 209. His examination notes consist of "[e]xamination of both the hands reveals swollen and tight knuckles and very painful." *Id.* Again, on October 6, 2011, Dr. Patel saw plaintiff for complaints of "pain in shoulder and hands, can't lift arm, daughter has to dress her." Docket 9, p. 260. There are no examination findings noted whatsoever, but he makes a diagnosis of carpal tunnel syndrome. *Id.* Similarly on December 3, 2010, plaintiff complained of "pain in foot and hands" and Dr. Patel made no examination findings, but diagnosed her with "gout and carpal tunnel" and prescribed Naproxen. Docket 9, p. 264. Dr. Patel's records contain nothing more

6

than complaints of pain by plaintiff, a diagnosis and many times a prescription for a simple over-the-counter pain reliever.

In correspondence to the Commissioner, Dr. Patel indicated that plaintiff's carpal tunnel release was unsuccessful and resulted in her inability to perform activities such as buttoning her clothes, eating with a fork or writing with a pen – limitations that do not appear anywhere in his medical records. Docket 9, p. 285. However, records from Campbell Clinic, where her carpal tunnel release was performed, indicate that her surgery was successful and that she "had no complaints" on one visit and only complained of "tingling on the radial side of her index finger" on another visit. Docket 9, p. 226-27.

Dr. Politi conducted a consultive examination on September 7, 2010. Docket 9, p. 243-47. During the exam, plaintiff advised Dr. Politi that her hands "never got better after the surgery" and complained primarily of left hand pain. *Id.* at 243. Despite claiming disabling hand pain, plaintiff told Dr. Politi that she had not had any more recent evaluation of her hands since the middle of 2005. Further, she told him that she could sit all day, walk a couple of miles, dress, feed and bathe herself, as well as drive short distances and perform basic household chores. *Id.* Plaintiff did have a positive Tinel test on the left wrist, but negative on the right and negative Phalen on both wrists. Dr. Politi concluded that plaintiff did have some residual dysesthesias (abnormal sensation) of the hands, but that there was "some somatization going on here as evidenced during [his] examination by variable different aspects of pain and her inability at some point to attempt to even squeeze [his] fingers at all, and by the end of the examination being able to completely close her hand." Docket 9, p. 246-47.

According to the Fifth Circuit, "isolated comments regarding a patient's complaints do

7

not constitute medical findings as required by the Act." *McLendon v. Barnhart*, 184 F.App'x 430, 432 (5th Cir. 2006). Further, the Fifth Circuit has held it proper for an ALJ to give no weight to the checklist in cases such as this where there is no objective evidence to support the checklist MSS provided by a treating physician. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). Simply put, there is a complete dearth of evidence in the record to support the severe limitations that Dr. Patel placed on the plaintiff in his MSS. Because Dr. Patel's MSS is not supported by objective record evidence, the ALJ properly gave his opinions less than significant weight. The undersigned further finds that the ALJ did not err when she accorded Dr. Politi's opinion significant weight as it was supported by various tests he performed during the examination.

A "plaintiff is required to establish that she suffered from a[n] impairment of disabling severity. The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity." *Hames v. Heckler*, 707 F.2d 162, 165 (5th 1983). There is no indication in Dr. Patel's records that plaintiff had any complaint for which he was requesting or recommending additional testing, nor did he conclude in his medical records that plaintiff had any condition that was so severe that plaintiff is precluded from engaging in any substantial gainful activity. Based upon a thorough review of Dr. Patel's records, as well as the remaining record evidence and consulting examiner's opinion, there is no impairment severe enough to prevent plaintiff from engaging in any substantial gainful activity. Thus, plaintiff's assertion that the ALJ failed to afford Dr. Patel's opinions the proper weight is without merit.

Although the plaintiff contends that the ALJ should have re-contacted Dr. Patel to obtain

additional evidence or clarify the record [Docket 16, p. 12], an ALJ is not required to re-contact a treating physician where she finds that the physician's opinion was not supported by objective clinical findings and was inconsistent with the record evidence as a whole. *Glenn v. Barnhart*, 124 F.App'x 828, 830 (5th Cir. 2005). The ALJ found not that Dr. Patel's records were inconclusive or inadequate, but that they were unsupported by objective clinical findings and contradicted by the record evidence as a whole, including the doctor's own treatment records. The decision not to contact Dr. Patel to obtain additional evidence or clarification was not error.

Plaintiff strongly urges this court to accept the Sixth Circuit's "good reasons" standard for evaluating whether an ALJ provided sufficient reasons for the weight afforded a treating physician. As noted by the Commissioner, Sixth Circuit cases are not precedential authority in the Fifth Circuit, and current Fifth Circuit law does not require an ALJ to include the detailed discussion of the *Newton* factors when "there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Walker v. Barnhart*, 158 Fed. Appx. 534, 535 (5th Cir. 2005).

**B.     Did the ALJ failed to properly consider plaintiff's credibility?**

Plaintiff contends that the ALJ erred when she gave little weight to plaintiff's allegations and subjective complaints and when she did not properly consider SSR 96-7. Docket 16, p. 15-17. However, the court has reviewed the record, and it is clear that the ALJ did properly consider plaintiff's subjective complaints and the requisite factors necessary to assess plaintiff's credibility.

The ALJ discussed plaintiff's carpal tunnel release surgery, her daily activities, her medical treatment and medications, as well as the objective medical evidence of record.

Specifically, the ALJ noted that even though plaintiff testified that she cannot perform self-care functions or sit/stand for extended periods of time, she advised Dr. Politi during his September 2010 consultative exam that she could care for herself and "sit all day long." Docket 9, p. 20. The ALJ thoroughly discussed testimony from both plaintiff and her daughter concerning plaintiff's abilities; she contrasted those statements with one another, with plaintiff's statements to Dr. Politi and the objective medical evidence concerning her limitations. The ALJ also noted that plaintiff has sought and received significantly less medical treatment than would reasonably be expected in "a person with debilitating symptoms" [Docket 9, p. 20], and that plaintiff consistently reported that she quit work due to a plant shutdown, not because her impairments prevented her from working. Given that the Fifth Circuit routinely has held that the ALJ is in the best position to assess a claimant's credibility, *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994),[12] the undersigned holds that the ALJ properly considered all of the factors necessary to properly evaluate plaintiff's credibility.

**C. Did the ALJ properly determined that plaintiff could return to her past work?**

Plaintiff asserts that the ALJ failed to follow SSR 82-62 when assessing whether plaintiff could return to her past work, but does not specifically identify what part of SSR82-62 the ALJ failed to perform. A review of the ALJ's opinion evidences that she did in fact properly make a finding of fact as to plaintiff's RFC and the physical and mental demands of her past work, as well as a determination that plaintiff's RFC allows her to return to the previous work. Therefore, plaintiff's argument is without merit.

---

[12]See also *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Plaintiff also challenges the ALJ's further alternative finding that plaintiff could perform sedentary work. Docket 16, p. 19. Plaintiff correctly notes that if she were limited to sedentary work, she would "grid out" under Medical Vocational Guideline 201.12. However, because the ALJ found that plaintiff could return to her previous work and only alternatively found that she retained the RFC for light work, the error relating to sedentary work is harmless. This argument is without merit.

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record, properly identified the relevant listed impairments, fully discussed the evidence that was contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairment met or equaled a listed impairment. The ALJ performed a thorough analysis of the plaintiff's impairments and clearly considered the plaintiff's treatment records, along with the consultative exam by Dr. Politi performed at the ALJ's request. The plaintiff did not provide credible evidence that her alleged impairment affects her ability to work, and the ALJ more than adequately explained her reasons for questioning the plaintiff's credibility. As a consequence, the undersigned holds that the decision of the Commissioner should be affirmed.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 10th of February, 2014.

               /s/ S. Allan Alexander
               UNITED STATES MAGISTRATE JUDGE